**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TAMMARA GORDON,** *et al.,*

       **Plaintiffs,**

    **v.**                          **Case No. 2:10-CV-662**
                                           **JUDGE HOLSCHUH**
                                           **MAGISTRATE JUDGE KING**

**RITA BOSWELL,** *et al.,*

       **Defendants.**

## REPORT AND RECOMMENDATION

This action was removed to this Court as a case arising under federal law. *Notice of Removal*, Doc. No. 2, ¶5. On September 13, 2010, plaintiffs filed a motion to remand. *Motion to Remand*, Doc. No. 10. Defendants sought and were granted a number of extensions to respond to the motion. *See Order*, Doc. No. 14; *Order*, Doc. No. 16; *Order,* Doc. No. 18. Defendants' most recent motion for yet another extension of time, *Motion*, Doc. No. 20, was granted only in part. *Order*, Doc. No. 22. Defendants were granted until January 21, 2010 to respond to the *Motion to Remand*; they were expressly advised that, should the case not be stayed at that time, their failure to respond to the motion would result in the grant of the *Motion to Remand. Id.* Defendants have not, to date, responded to the *Motion to Remand*, and the case has not been stayed. [1] The Court therefore regards the *Motion to Remand* as ripe for resolution. For the reasons that follow, it is recommended that the motion be granted.

---

[1] On January 20, 2011, defendants' attorney filed a motion for leave to withdraw. Doc. No. 23.

## I.

Plaintiffs Tammara Gordon and Shannon Carey ["Plaintiffs"] bring this action against their former employer, Defendant Rita Boswell, LLC.  Plaintiffs are residents of Delaware County, Ohio and the Defendant is an Ohio limited liability corporation.  *Complaint*, Doc. No. 3, at ¶¶ 1, 3.  Rita Boswell, also an Ohio resident, is named individually as a Defendant.  *Id.* at ¶ 2.  This action was originally filed in the Court of Common Pleas for Franklin County, Ohio and was removed to this court on the basis of federal question jurisdiction.  28 U.S.C. §§ 1331, 1441.

In the *Complaint*, Plaintiffs allege that Defendants "were in the business of helping at-risk homeowners avoid foreclosure by obtaining exclusive contracts for sale of the at-risk homeowner's property by Defendants . . . ."  *Complaint*, Doc. No. 3, at ¶ 6.  Plaintiffs accepted a term of employment with Defendants for twelve months.  *Id.* at ¶ 7.  Plaintiffs' compensation was "based almost exclusively on the amount and percentage of profit received by Defendants upon the successful sale and repurchase of each at-risk property."  *Id.* at ¶ 9.  According to Plaintiffs, they obtained exclusive contracts for twenty-seven properties but Defendants then terminated their employment.  *Id.* at ¶ 11.  Plaintiffs claim that Defendants have sold certain of these properties and have not paid Plaintiffs any monies pursuant to their compensation agreements.

Plaintiffs' *Complaint* presents nine claims for relief.[2]  Defendants removed the action to this court based on Plaintiffs' fourth claim for relief, which seeks reimbursement for Defendants' alleged failure to pay employment taxes.  According to Defendants, this claim arises under "the

---

[2]In particular, Plaintiffs assert claims for breach of employment contract (Count One), promissory estoppel (Count Two), unjust enrichment (Count Three), failure to pay employment taxes (Count Four), failure to pay minimum wage (Count Five), failure to pay overtime (Count Six), breach of contract (Count Seven), promissory estoppel (Count Eight) and unjust enrichment (Count Nine).

Federal Insurance Contributions Act, including actions concerning failure to pay taxes required by the FICA." *Notice of Removal*, ¶ 6.  Plaintiffs contend that federal question jurisdiction does not exist in this case and they therefore ask that the matter be remanded to the state court.

As a preliminary matter, the Court notes that, despite being granted numerous extensions of time to respond to the Plaintiffs' motion, Defendants have failed to file a response by the deadline imposed by the Court.   The Court notes that Defendants' counsel has recently filed a *Motion to Withdraw* in this case.  Doc. No. 23.


## II.

A civil action founded on a claim arising under the Constitution or laws of the United States may be removed by a defendant to federal court.  28 U.S.C. § 1441(b).  A case arises under federal law if the "well-pleaded complaint establishes that either federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).  Under the "well-pleaded complaint rule," plaintiff is the master of his or her claim.  "[T]he fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action."  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).  As the removing party, it is the defendant who bears the burden of establishing the existence of federal question jurisdiction and the propriety of removal.  *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).  "[A]ll doubts as to the propriety of removal are resolved in favor of remand."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

3

**III.**

Plaintiffs argue that remand of this case is appropriate because no federal claim is raised in the *Complaint* and because the relief sought in Count Four does not involve an  issue of federal law.

Count Four of the *Complaint*  alleges that Defendants failed to pay employment taxes and failed to withhold appropriate deductions for Plaintiffs in connection with their employment. *Complaint*, Doc. No. 3, at ¶ 34.  Plaintiffs claim that, because of this failure, they have "incurred tax and other liabilities that should have been born[e] by Defendants as employment-related expenses." *Id.* at ¶ 35.  This claim does not seek relief under federal law; Plaintiffs seek only reimbursement for expenses actually incurred by them.

In the Court's view, under the well-pleaded complaint rule, Count Four is clearly intended to present only a claim under state law.  The *Complaint* does not invoke federal law, nor does it turn on a construction of federal law.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  The claim simply seeks reimbursement for taxes that Defendants allegedly should have paid as a component of the parties' alleged employment relationship.

Because no federal question is presented in Plaintiffs' *Complaint*, this Court lacks subject matter jurisdiction over the instant action.  Plaintiffs' *Motion to Remand* is meritorious.

**IV.**

**WHEREUPON**, it is **RECOMMENDED** that Plaintiffs' *Motion to Remand*, **Doc. No. 10**, be **GRANTED**.

4

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


    *s/ Norah McCann King*
**NORAH McCANN KING**
**UNITED STATES MAGISTRATE JUDGE**

January 25, 2011